UNITED STATES of America

v.

Isia PORCHA, Appellant.

No. 71-1116.

United States Court of Appeals,
District of Columbia Circuit.

Argued July 22, 1971.

Decided Sept. 15, 1971.

MacKinnon, Circuit Judge, concurred in result.

Mr. Noel H. Thompson, Arlington, Va. (appointed by this court) for appellant.

Mr. James A. Adams, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Robert A. Shuker, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and Mac-KINNON, Circuit Judge.

PER CURIAM:

Appellant was convicted of four counts of armed robbery and five counts of assault with a dangerous weapon, in violation of 22 D.C.Code §§ 3202 and 502, respectively. The indictment also charged four counts of robbery as defined in 22 D.C.Code § 2901, as to which verdicts were not rendered. The charges grew out of robberies of several occupants of a bus, who were visiting Washington, and of one of the visitors who was just outside the bus. There was evidence that three men, of whom appellant was identified as one, committed the robberies and assaults, one of the other men being armed with a gun and another with a knife. The three men acted in concert and the case as submitted to the jury included an instruction on aiding and abetting, as to which no objection was made.

1. Appellant's defense was that he participated in the robberies but under duress exerted by the other men. The jury's verdict was a rejection of this defense, and we find no error in that regard.

2. Before trial appellant moved the court to require the Government to elect between the armed robbery and robbery theories, claiming that the indictment in charging both offenses was prejudicially prolix. Assuming as we must that the jury found appellant to be a willing participant, it is so clear from the evidence that appellant aided and abetted his confederate who was armed with a gun that, were we impressed in the abstract with the claim of prolixity or with any other claim of defect in the presentation of the two theories of robbery to the jury, we would nevertheless find any error to be harmless in this case. In so deciding, however, we do not pass upon the correctness of the instruction to the jury, as to which no objection was made, that the robbery counts under Section 2901 —the less serious of the robbery offenses—were not to be considered unless the jury first were satisfied the charges of armed robbery under Section 3202 were not proved beyond a reasonable doubt. Unlike the situation in Fuller v. United States, 132 U.S.App.D.C. 264, 286, 407 F.2d 1199, 1221 (1968) (en banc), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969), the two offenses here were charged in the indictment itself as alternative offenses, and the procedure envisaged in *Fuller* of the less serious robbery offense being submitted to the jury, upon request of defense counsel as a lesser included offense, is not controlling.[1]

3. We have considered appellant's contention that his statement, "I didn't mean to do it," made after he was arrested in the vicinity shortly after the robberies and when he was brought back to the scene and confronted by the outraged passengers, was erroneously admitted in evidence. Even were the statement in some manner attributable to the hostile confrontation of the visitors who had been victimized,[2] it was not of a character to justify a finding that it undermined the fairness of the trial when the evidence as a whole is considered.[3]

4. We have considered other points raised by appellant and conclude they do not warrant reversal.

Affirmed.

MacKINNON, Circuit Judge, concurs in the result.

---

1. *See* Fuller v. United States, *supra*, 132 U.S.App.D.C. at 292, 295, 407 F.2d at 1227, 1230, and dissenting opinion, 132 U.S.App.D.C. at 301, 407 F.2d at 1236.

2. *Compare* Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897); United States v. Robinson, 142 U.S.App.D.C. 43, 439 F.2d 553 (1970).

3. No question under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is involved.